# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 22-10061

Jamie Wazelle; Tay Aung; Elizabeth Casel; Manivanh Chanthanakhone; Manuel Contreras, et al,

*Plaintiffs—Appellants*,

*versus*

Tyson Foods, Incorporated; Ernesto Sanchez; Kevin Kinikin; Farren Fernandez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CV-203

Before Clement, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

The district court denied plaintiffs' motion to remand, concluding federal officer removal jurisdiction existed in this case. That conclusion runs counter to this court's later holding in *Glenn v. Tyson Foods, Inc.*, 40 F.4th

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10061

230 (5th Cir. 2022). For the same reasons we found federal officer removal jurisdiction lacking in *Glenn*, we vacate the district court's orders dismissing plaintiffs' claims and denying remand to state court, and remand for further proceedings.

## I.

Plaintiffs, forty-one employees of Tyson Foods, Incorporated, sued Tyson and three Tyson managers in Texas state court alleging negligence and gross negligence based on the defendants' failure to institute protective measures against COVID-19 at the Tyson plant in Amarillo, Texas.[1] Plaintiffs also alleged premises liability claims against Tyson. Defendants removed the case to the United States District Court for the Northern District of Texas, asserting federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1), and federal question jurisdiction, 28 U.S.C. § 1331. Defendants then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiffs opposed dismissal and alternatively moved for leave to amend. Plaintiffs also moved to remand.

The district court denied plaintiffs' motion to remand, concluding federal officer removal jurisdiction existed.[3] Because the court found federal

---

[1] In their initial petition, filed July 23, 2020, plaintiffs named only the managers as defendants; however, on August 17, 2020, plaintiffs filed an amended petition adding Tyson as a defendant.

Plaintiff Tin Soe also alleged a claim of wrongful death both individually and as a personal representative of the Estate of Maung Maung Tar.

[2] After the Texas Legislature enacted the Pandemic Liability Protection Act (PLPA), Tyson filed a supplemental motion to dismiss, contending plaintiffs' allegations did not fit within the narrow exceptions to the PLPA's protection.

[3] More specifically, the court concluded that Tyson was "acting under" a federal officer's direction due to Tyson's "critical infrastructure" designation and subsequent direct work with the Department of Agriculture and the United States Food Safety and Inspection Service to guarantee that there was an adequate food supply. The court further

No. 22-10061

officer removal jurisdiction existed, it did not address whether federal question jurisdiction also existed.  The court then dismissed the managers, determining that plaintiffs failed to assert that the managers owed them a duty distinct from any duty owed by Tyson.[4]  The district court initially denied Tyson's motion to dismiss and supplemental motion to dismiss and granted plaintiffs' motion for leave to amend as to Tyson.  But the court ultimately granted Tyson's motion to dismiss plaintiffs' second amended complaint, concluding plaintiffs failed to assert a claim given the implementation of the PLPA.  Plaintiffs timely appealed.

## II.

Plaintiffs contend the district court erred in denying their motion to remand because neither federal officer removal jurisdiction nor federal question jurisdiction exists.  Plaintiffs also assert that the district court erred in granting defendants' motions to dismiss because it lacked jurisdiction over the case.  Defendants respond that the district court should be affirmed in all respects.  Defendants do not address federal question jurisdiction, presumably because the district court did not reach their alternative basis for removal on that ground.  Under the circumstances, we likewise decline to address federal question jurisdiction for the first time on appeal.  But we agree with plaintiffs that federal officer removal jurisdiction is lacking.

In *Glenn*, 40 F.4th 230, this court addressed federal officer removal jurisdiction and whether Tyson was "acting under" direction of the federal government in keeping its poultry processing plants open during the early

---

found a connection between the federal officer's directions and plaintiffs' claims and that defendants had asserted a plausible defense, i.e., preemption under the Federal Meat Inspection Act (FMIA).

[4] The court denied plaintiffs' request for leave to amend as futile.

months of the COVID-19 pandemic.  We concluded that Tyson was not acting under direction of the federal government and that federal officer removal jurisdiction thus did not exist over claims materially identical to those at issue here.  *Id.* at 232.  We reasoned that although the food industry was designated as "critical infrastructure," "the federal government's guidance to critical infrastructure industries was nonbinding."  *Id.* at 234–35 (internal quotation marks omitted).  Thus, "[t]ry as it might, Tyson [could not] transmogrify suggestion and concern into direction and control."  *Id.* at 232.

Rather than regurgitate *Glenn*'s analysis, we simply state that *Glenn* controls the outcome in this case as well.  Federal officer removal jurisdiction is lacking.  *Id.* at 237.  However, because the district court did not address whether federal question jurisdiction exists as to the plaintiffs' claims in its order denying remand, we return the case for the court's consideration of that issue, in the light of *Glenn* and other recent precedent, in the first instance.

\* \* \*

We VACATE the district court's orders dismissing plaintiffs' claims and denying remand to state court.  This case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

4